UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
HAROLD JEAN-BAPTISTE,

                Plaintiff,

- against -

ALMONTE STREAM FOOD CORP.,

                Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
23-CV-1384 (PKC)(LB)

PAMELA K. CHEN, United States District Judge:

On February 21, 2023, Plaintiff Harold Jean-Baptiste filed the instant *pro se* Complaint under, *inter alia*, 42 U.S.C. §§ 1983, 1985. (Compl., Dkt. 1.) Plaintiff paid the required filing fee. (Dkt. 2.) On March 6, 2023, Plaintiff filed an Amended Complaint. (First Am. Compl., Dkt. 6.) On March 8, 2023, Plaintiff filed a letter motion seeking leave to file a Second Amended Complaint. (Dkt. 7.) On March 14, 2023, Magistrate Judge Lois Bloom granted Plaintiff's request and Plaintiff's Second Amended Complaint was filed by the Clerk of Court.[1] (*See* Dkt. 8; *see also* Second Am. Compl. ("SAC"), Dkt. 9.) For the reasons discussed below, the Second Amended Complaint is dismissed as frivolous.

## BACKGROUND

Plaintiff alleges that on February 11, 2023, Almonte Stream Food Corp, d/b/a Key Food Supermarket ("Key Food,") located in Valley Stream, New York, conspired with a Federal Bureau of Investigation ("FBI") Special Agent and placed a toxic substance on Plaintiff's food in order to "hurt the plaintiff['s] life." (SAC, Dkt. 9, at 4–5.) Plaintiff further alleges that this food poisoning caused him to go to an emergency room, where Plaintiff "noticed the FBI Special Agent texting

---

[1] Plaintiff's Second Amended Complaint substitutes Almonte Stream Food Corp. as the named defendant, replacing Key Food Supermarket.

1

the other FBI Agent who participate[d] in this sophisticated assignation [sic] attempt and a modern-day lynching" targeting him. (*Id*. at 7.) Plaintiff seeks money damages and declaratory relief. (*Id.* at 15–16.)

Plaintiff has brought at least seven other similar cases in this and other courts. For example, Plaintiff previously alleged that the FBI and various federal officials engaged in a conspiracy to kill him, and that on October 10, 2022, the FBI ordered a Dunkin' Donuts employee to poison him with a toxic substance, and after being admitted to a hospital, FBI agents directed hospital staff to provide him with adverse care. *See* Complaint, *Jean-Baptiste v. U.S. Dep't. of Justice et al.*, No. 22-CV-6718 (PKC) (E.D.N.Y. Dec. 8, 2022), Dkt. 1. In the United States District Court for the Southern District of Florida, Plaintiff alleged that the FBI conspired to poison him at a bar and then instructed hospital staff to deny him care. *See* Complaint, *Jean-Baptiste v. U.S. Dep't. of Justice, et al.*, No. 22-CV-22376 (JEM) (S.D. Fla. July 28, 2022), Dkt. 1. In the United States District Court for the District of Columbia, Plaintiff alleged that FBI agents tried to kidnap him while he was out walking. *See* Complaint, *Jean-Baptiste v. U.S. Dep't. of Justice, et al.*, No. 22-CV-1861 (TSC) (D.D.C. June 24, 2022), Dkt. 1.[2]

**LEGAL STANDARD**

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

---

[2] *See also* Complaint, *Jean-Baptiste v. U.S. Dep't. of Justice, et al.*, No. 22-CV-8318 (LTS) (S.D.N.Y. Sept. 28, 2022), Dkt. 2; *Jean-Baptiste v. U.S. Dep't. of Justice, et al.*, No. 22-CV-1420 (RC) (D.D.C. May 18, 2022), Dkt. 1; *Jean-Baptiste v. U.S. Dep't. of Justice, et al.*, No. 22-CV-897 (DLF) (D.D.C. Mar. 29, 2022), Dkt. 1; *Jean-Baptiste v. U.S. Dep't. of Justice, et al.*, No. 21-CV-2221 (TNM) (D.D.C. Aug. 17, 2021), Dkt. 1.

*v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008) (similar). Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent authority to dismiss a case, *sua sponte,* if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *See Frein v. Pelosi*, No. 22-1063, 2023 WL 2530453, at *2 (2d Cir. Mar. 16, 2023) (citing *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)).

## DISCUSSION

### I.  Plaintiff's Allegations Are Frivolous

Plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), can only be described as frivolous and "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional." (internal citations and quotation marks omitted)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *See Denton*, 504 U.S. at 25; *Khalil v. United States*, Nos. 17-CV-2652 (JFB), 17-CV-5458 (JFB), 2018 WL 443343, at *3–4 (E.D.N.Y. Jan. 12, 2018).

Given the implausibility of Plaintiff's allegations, this action cannot proceed. *See, e.g.*, *Burton v. United States*, No. 21-CV-6238 (BMC), 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations "rise to the level

3

of the irrational"); *Stone v. Austin*, No. 21-CV-4822 (JMA), 2021 WL 4443733, at *4 (E.D.N.Y. Sept. 28, 2021) (dismissing fee-paid action as "frivolous because it lacks a basis in law or fact"); *Gilot v. Govt.*, No. 21-CV-4346 (WFK), 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing *pro se* plaintiff's claims because they are "entirely fanciful and frivolous").

## II.     Leave to Amend

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ."). However, Plaintiff has already amended the Complaint twice, and granting Plaintiff further leave to amend would be futile. The Court therefore declines to do so. *Frein*, 2023 WL 2530453, at *2 (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (a court does not need to give leave to amend where "the problem with [the plaintiff's] causes of action is substantive" and "better pleading will not cure it")).

## CONCLUSION

Accordingly, the Second Amended Complaint is dismissed as frivolous. Plaintiff is again strongly warned that this Court will not tolerate frivolous litigation and if he continues to file patently frivolous complaints, the Court "may impose sanctions, including restrictions on future access to the judicial system." *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." (internal citations and quotation marks omitted)).

The Clerk of Court is directed to enter judgment and close this case. Although Plaintiff paid the filing fee to bring the action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

        SO ORDERED.

        */s/ Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: March 21, 2023
      Brooklyn, New York